1
2
3
4
5
6
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
7
8
ARTHUR LENARD AUSTIN,

                              Petitioner,

    v.

JOHN D SNAZA,

                              Respondent.

Case No. 3:22-cv-5566-JCC-TLF

REPORT AND
RECOMMENDATION

Noted for November 18, 2022

9
10
11
12
13
        This is a federal habeas action brought under 28 U.S.C. § 2254. At the time the

action was filed, Petitioner was confined at the Thurston County Jail in Tumwater,
14
15
Washington, where he was awaiting trial in three separate Thurston County Superior

Court criminal cases. *See* Dkt. 1. Petitioner has since been released from custody. *See*
16
17
Dkt. 5.
18
        This action was filed on Petitioner's behalf by his mother, Mary Austin, and was

one of three such actions filed by Ms. Austin, each action challenging a different
19
20
pending state court criminal case. The petition at issue here pertains to Petitioner's

pending charges of attempted robbery-domestic violence and second- and fourth-
21
22
23
24
25

REPORT AND RECOMMENDATION - 1

degree assault-domestic violence, Thurston County Superior Court Case No. 22-1-00027-34.[1] *See* Dkt. 1.

Petitioner's primary ground for relief appears to be that his speedy trial rights have been violated in his state court criminal case. *See* Dkt. 1 at 1, 5, 7–8, 16–30. However, the petition also references other alleged infirmities in Petitioner's ongoing state court criminal proceedings and raises concerns about the treatment Petitioner has received during his confinement at the Thurston County Jail. *See id.* Petitioner, in his request for relief, asks that he be immediately released from custody. Dkt. 1 at 31.

After reviewing Ms. Austin's submissions on behalf of Petitioner, this Court determined that Petitioner had not submitted a viable petition for writ of habeas corpus. Thus, on September 27, 2022, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed. Dkt. 4. The Court advised Petitioner he may not seek relief under 28 U.S.C. § 2254—such relief is available only to persons who are "in custody pursuant to the *judgment* of a state court." *Id.* at 2 (citing 28 U.S.C. § 2254(a) (emphasis added)).

The Court explained that, because Petitioner had not yet been convicted in his underlying state court criminal case, he was not confined pursuant to a judgment of the state court and, thus, § 2254 provided no avenue for relief at this juncture. *Id.*

The Court advised Petitioner that even if it were to construe his petition as one filed under the general habeas statute, 28 U.S.C. § 2241, he would still not be entitled to

---

[1] Also pending in this Court are *Austin v. Snaza*, C22-5567-JHC-MLP, which pertains to Thurston County Superior Court Case No. 22-1-00257-34 (charging vehicular assault) and *Austin v. Snaza*, C22-5568-BHS-DWC, which pertains to Thurston County Superior Court Case No. 22-1-00429-34 (charging custodial assault).

the relief requested in this action. Dkt. 4 at 2. With respect to Petitioner's complaints regarding the conditions of his confinement, the Court explained that such complaints were more properly raised in an action brought under 42 U.S.C. § 1983. Dkt. 4 at 3. Finally, the Court questioned whether Ms. Austin could properly act on his behalf and explained that, if Petitioner could otherwise demonstrate that this action should proceed, the Court would require Ms. Austin to make a more detailed showing establishing that she was entitled to litigate this action for him. *Id*. at 4.

Petitioner was directed to file a response to the Order to Show Cause on or before October 28, 2022, and was advised that his failure to do so would result in a recommendation that this action be dismissed. Dkt. 4 at 5. The Order to Show Cause was sent to Petitioner at the Thurston County Jail, and to the Colorado address provided in the petition. *See id*. The mail sent to Petitioner was returned to the Court with a notation indicating that Petitioner was no longer in custody at the Thurston County Jail. *See* Dkt. 5. The mail sent to Ms. Austin was not returned and the Court therefore it appears she received the Order. To date, no response to the Order to Show Cause has been filed.

Given that Ms. Austin initiated this action, and apparently received a copy of the Order to Show Cause, the fact that no response has been forthcoming from her is a sufficient basis on which to recommend dismissal of this action. The Court further notes, however, that the materials previously submitted by Petitioner, through his mother, and the only materials on file with this Court, are not cognizable under Section 2254 or Section 2241. See Dkt. 4, Order to Show Cause. Moreover, Petitioner's release from custody would appear to moot the petition given that immediate release from custody

was the only relief requested. Accordingly, this Court recommends that Petitioner's

federal habeas corpus petition be dismissed without prejudice because it is not

cognizable under either Section 2254 or Section 2241, and it is moot.

A state prisoner seeking federal habeas relief may appeal a district court's

dismissal of his federal habeas petition only after obtaining a certificate of appealability

from a district or circuit judge. A certificate of appealability may issue only where a

petitioner has made "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional claims or

that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, this Court concludes that Petitioner is not entitled to a certificate of

appealability in this action and, therefore, recommends a certificate of appealability be

denied. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

have fourteen (14) days from service of this report to file written objections. *See also*

Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474

U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

omitted).

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **November 18, 2022**, as noted in the caption.

The Clerk is directed to send copies of this Report and Recommendation to Petitioner, to Ms. Austin,[2] and to the Honorable John C. Coughenour.

Dated this 3rd day of November, 2022.

Theresa L. Fricke
United States Magistrate Judge

---

[2] Ms. Austin's address can be found at Dkt. 1 at 31.

REPORT AND RECOMMENDATION - 5